# ⊦ Hemphill *against* Tevis.

A purchaser at sheriff's sale under a judgment on a mortgage, by giving notice to quit to a tenant holding under a lease subsequent to the mortgage, disaffirms the lease and determines the tenancy; and the relation of landlord and tenant cannot be renewed by the tenant's remaining in possession, or any act short of a mutual contract for a new lease.

ERROR to the District Court for the city and county of *Philadelphia*.

This was *assumpsit* brought by Benjamin Tevis against John Hemphill & Mark Richards, to recover $125 for the use and occupation of the rear end of a lot on Broad street adjoining on the south ground belonging to Hemphill & Richards, from the 1st of October 1837 to the 1st of October 1838.

It appeared that the lot belonged to Charles Lukens, and that Adam Eckfeldt, as his agent, leased it to Hemphill & Richards for three years, commencing 1st of April 1835, at the rent of $125 per annum, payable quarterly. An agreement to this effect was reduced to writing and signed by the parties, but not sealed, dated 24th of March 1835. Under this agreement Hemphill & Richards took possession. They built a shed, part of which, perhaps twelve feet, Mr Richards testified was extended on the lot. The lot was miry and was filled up, but how far or for what purpose it was occupied was disputed.

On the 31st of October 1836, a judgment was obtained on a mortgage which was executed before the date of the agreement of lease, on which the lot was sold and conveyed to the plaintiff by the sheriff on the 5th of December 1836. The plaintiff then gave the following notice to the defendants:

"Having purchased at sheriff's sale, the premises occupied by you on the west side of Broad street, in the city of Philadelphia, as the property of Charles Lukens, under whom you hold as tenants, by virtue of an execution on a mortgage executed before your lease, you are hereby notified to remove from said premises, and deliver up the same to me peaceably: otherwise, I shall proceed against you agreeably to the law in such case provided.

             BENJAMIN TEVIS.

To Messrs JOHN HEMPHILL ⎱ December  1836.
and MARK RICHARDS. ⎰

Acknowledged the receipt of a copy of the above.
            JOHN HEMPHILL,
December 21st 1836.      For self and M. RICHARDS.

It further appeared, that a suit was commenced by Adam Eckfeldt, for the use of Benjamin Tevis, against the defendants, to September term 1837, in the District Court, in which the plaintiff demanded the rent for this same portion of the lot, from the 1st of October 1836 to the 1st of October 1837. Judgment was obtained on the 25th of November 1837, for want of an affidavit of defence. In the fall of 1837 or spring of 1838, the plaintiff applied to a person in the employ of Hemphill & Richards, and asked him if he did not know some one who wanted to rent the lot: he would pay him well for his trouble.

The court charged the jury as follows:

The defendants deny that there ever was any contract between them and the plaintiff for the use and occupation of the lot in question; and they deny also that they did occupy it, in point of fact, after the receipt of the notice of the plaintiff in December 1836 to deliver up the premises. The plaintiff, on the other hand, says that the defendants were the tenants of Charles Lukens: that he succeeded, by force of the Act of Assembly, to the rights of Mr. Lukens, and as landlord had the right to the agreement for lease: that although he gave a notice to the defendants to quit, he never followed it up, nor did he put the defendants out of possession, nor did they deliver up the possession to him: and that, in point of fact, they continued to occupy the lot after the notice, and during all the time for which rent is demanded, as they did before.

Before proceeding to the testimony of the witnesses, I will call your attention to some of the questions of law which have been raised. By the sheriff's sale, the plaintiff acquired the right to any rent which should accrue between the acknowledgment of the sheriff's deed and the surrender of the possession to him; and by the Act of 16th of June 1836, section 119, he acquired the same remedies by action as Mr Lukens had. But Mr Lukens could undoubtedly have sued the defendants for use and occupation of the lot; and therefore, by force of the Act of Assembly, the plaintiff, as purchaser at sheriff's sale, may maintain the same action for the rent accrued after the acknowledgment of the deed. The plaintiff, too, by the sheriff's sale under the mortgage, had the right to put the defendants out of possession, as the mortgage here dates prior to the agreement for a lease. But the plaintiff could not get possession, by the summary proceeding before two justices, without giving the defendants three months' notice, according to the Act of Assembly. The giving of the notice by Mr Tevis did not terminate the defendants' previous possession, nor was their acknowledgment of the receipt of a copy of the notice a surrender of the possession to the plaintiff. The defendants had it still in their power to keep the plaintiff out of possession three months, if the plaintiff chose to proceed before two

[Hemphill v. Tevis.]

magistrates; or till the possession could be recovered in ejectment, if he chose to proceed by action.

The question then is, whether the defendants did continue to occupy the land in question during the whole of the period for which compensation is claimed; or whether the occupation under the contract made with Eckfeldt, as the agent of Lukens, was ended, and the possession surrendered. The giving of the notice merely, did not terminate the occupation under the contract; the acknowledgment of the receipt of the copy of it had not that effect. There is no evidence, either, that the plaintiff proceeded under the notice to get possession, or that he took possession in point of fact; nor is there any evidence of the actual surrender of the possession, or offer to surrender it, by the defendants. If the defendants had wished to relinquish their possession under the contract to the plaintiff, they ought, upon receiving the notice from him, or within three months thereafter, to have withdrawn their effects from the lot, and to have said something, or to have done something, signifying to the plaintiff their surrender of the premises to him, in pursuance of the notice. And without a relinquishment of the possession to the plaintiff, they would be deemed still to occupy the premises, although they might not use them for any useful purpose.

The defendants allege that they cannot be made liable to this action, because it essentially depends on a contract, and that they made no contract with the plaintiff; and that as the plaintiff claims under a mortgage of an earlier date than their lease, the plaintiff cannot take advantage from the contract for a lease with Lukens; and therefore they conclude it is indispensable to the plaintiff's recovery that he should not only prove an actual occupation by them, but also a contract between them. It may be admitted that the defendants' views are correct upon general principles; but the Act of 16th June 1836, section 119, supplies the want of actual priority of contract—declares that the purchaser at sheriff's sale shall be deemed the landlord of such tenant, and shall have the like remedies to recover any rents or sums accruing subsequently to the acknowledgment of the deed, as the defendant in the execution might have had if no such sale had been made. The question then is, (as before stated), whether Lukens could have recovered under the circumstances in evidence, if the lot had not been sold by the sheriff. The plaintiff alleges, that not only was there no actual surrender or offer to surrender the premises, but that the defendants in fact occupied the premises during all the time for which he claims a compensation. This is a question of fact depending on the evidence.

The plaintiff requested the court to charge upon the following points:

1. That a purchaser at sheriff's sale of the estate of a landlord,

IV. — 68

although the sale be under an encumbrance prior to the lease, may elect to confirm the lease and obtain the rights of a landlord, in place of the former landlord, and defendant in execution.

2. That where the tenant holds possession, or occupies the premises after such a sheriff's sale, and the purchaser confirms the lease by suing thereon, and the defendant by paying the rent for the year next ensuing the sheriff's sale, it becomes binding on both parties.

3. That after the termination of the lease, if the tenant gives no notice of his removal, and continues to occupy the premises as before by his own or the articles of his sub-tenants, he remains liable for the rent during such occupation.

4. If the jury believe the relation of landlord and tenant existed between the plaintiff and defendant, the ceasing to use the premises by defendant, without a surrender or notice to the landlord, did not amount to a relinquishment of the tenancy, and the tenant continues liable for the rent.

Answer to the first proposition: " The purchaser at a sheriff's sale, under the circumstances mentioned, succeeds to the benefit of the contract (if he chooses to have it) by force of the Act of Assembly."

Answer to the second: " Suing on the contract for rent accrued after the sheriff's deed, in the purchaser's own name, would be a confirmation of the lease; and any act of the purchaser showing his agreement to the contract, and to the occupation of the tenant, would be a confirmation of the contract upon his part; and any corresponding act of the tenant, recognising the right of the purchaser at sheriff's sale as his landlord, would be evidence, together with such act of the landlord, of actual priority of contract between them."

Answer to the third: " The occupation of a sub-tenant of premises demised to him by the tenant, or an occupation by a sub-tenant in pursuance of a contract between him and the tenant who demised to him, is equivalent to an occupation by the tenant himself. But an occupation by a sub-tenant of premises not demised to him by the tenant, and not authorized by the tenant, is not an occupation by the tenant, but rather a wrongful act of the sub-tenant, for which he alone ought to be responsible."

In reply to the fourth proposition, the court said it had been sufficiently answered by the remarks already made.

The defendants requested the court to charge the jury upon the following points:

1. Any occupancy of the disputed premises by defendants' tenants, without the permission of defendants, and against it, is a mere trespass, and no act of defendants at all.

2. If plaintiff, by his notice, repudiated the lease of Eckfeldt, he cannot afterwards elect to confirm it.

[Hemphill v. Tevis.]

3. Plaintiff deriving his title under a judgment on a mortgage executed prior to Eckfeldt's lease, cannot hold the defendants to that lease without their consent or attornment to him.

4. No former recovery of rent, against defendants, for the premises, in an adverse suit, is any evidence of their admission of the tenancy.

5. There is no evidence that the wheels, lumber, &c., seen on the premises, belonged to defendants.

Answer to the first proposition : " This point is answered by the answer given to the plaintiff's third point."

Answer to the second : " The notice of the plaintiff was an intimation of his intention to have the possession of the premises ; but unless it was pursued, it did not of itself terminate the occupation of the defendants, or exonerate them from their obligation to surrender the premises to the plaintiff, or offering to do so."

Answer to the third : " This has been answered already, by referring the jury to the Act of Assembly. I repeat what I said in that connexion."

Answer to the fourth : " This proposition is correct as a general principle ; but a judgment for want of an affidavit of defence affords a legal presumption that the defendants had no defence."

Answer to the fifth : " There is no express evidence who owned the wheels and timber on the premises."

The defendants excepted to the charge.

Errors assigned :

1. The court erred in charging the jury, that by the sheriff's sale the plaintiff acquired the right to any rent which should accrue between the acknowledgment of the sheriff's deed and the surrender of the possession to him.

2. In charging, that the plaintiff, as purchaser at sheriff's sale, may, by force of the Act of Assembly of June 16th 1836, section 119, maintain the same action for the rent accrued after the acknowledgment of the sheriff's deed as Lukens (the former owner) could.

3. In charging, that the giving of the notice by Mr Tevis did not terminate the defendants' previous possession ; and that the acknowledgment of the receipt of a copy of the notice was not a surrender of possession to plaintiff.

4. In charging, that the giving of the said notice merely, did not terminate the occupation under the contract ; and that the acknowledgment of the receipt of a copy of it had not that effect.

5. In charging, that if the defendants had wished to relinquish their possession under the contract, they ought to have said something or done something signifying to the plaintiff their surrender of the premises, in pursuance of the notice.

6. In charging, that without a relinquishment of the possession to the plaintiff, they the defendants would be deemed still to

[Hemphill v. Tevis.]

occupy the premises, although they might not use them for any useful purpose.

7. In charging, that the notice of the plaintiff, unless it was pursued, did not of itself terminate the occupancy of the defendants, or exonerate them from their obligation to surrender the premises to the plaintiff, or offering to do so.

8. In charging, that the question was whether Lukens, the former owner, could have recovered under the circumstances in evidence, if the lot had not been sold by the sheriff.

9. In not charging, as requested in the defendants' second and third points.

10. In not charging, that the plaintiff had, by giving the notice to quit, elected to disaffirm the lease made by Lukens to the defendants.

*Markland*, for the plaintiffs in error, contended that by the notice to quit the plaintiff disclaimed the defendants as his tenants under the lease, and such an act determined the lease. *Birch* v. *Wright*, (1 *T. R.* 378). He also applied to one of the witnesses to get the premises rented, which shows his understanding of the effect of the notice. But the case of *The Farmers' and Mechanics' Bank* v. *Ege*, (9 *Watts* 436), decides the point. It is there laid down by Judge Rogers, in delivering the opinion of the court, that the purchaser has the right to disaffirm the lease: and if before the expiration of the lease he gives notice, as he has a right to do, to quit, and moreover sues out a writ of *estrepement* to prevent waste, though the latter is an equivocal act, yet connected with the former, it removes all doubt as to the intention of the purchaser.

*Price, contra.* By the 119th section of the Act of 16th of June 1836, the purchaser at sheriff's sale is constituted the landlord to all intents and purposes, and may avail himself of all remedies as such. The former owner could no longer recover the rents. 1 *Saund.* 241. They must then be due to some one, and that can only be the purchaser. The defendants elected to remain tenants by not surrendering up the possession as the notice required them to do, and could not be deemed trespassers. Besides, the plaintiff recovered subsequent rent; and notice does not sever the relationship where it is followed by acceptance of rent or distress for it. 6 *T. R.* 218; 1 *H. Black.* 311. The plaintiff could not dispossess him without three months' notice.

*Markland, in reply,* insisted that the defendants could not elect after a severance had taken place. The question was, did they agree to become new tenants? and that was a question of fact.

[Hemphill v. Tevis.]

The opinion of the Court was delivered by

SERGEANT, J.—The 119th section of the Act of 16th of June 1836, relating to executions, gives the purchaser at sheriff's sale all the remedies to recover the rent which the defendant might have had; but that can only be where the relation of landlord and tenant continues. In the case of a lease made before the mortgage, the purchaser takes as assignee of the reversion, and the relation necessarily continues. But where it is subsequent, the title under the mortgage is paramount, and then it is at the election of the purchaser to affirm or disaffirm the lease. If he affirm it, he has all the remedies of a landlord; if he disaffirm it, he thereby severs the relation, extinguishes the tenancy, and he is no longer entitled to these remedies. The question then is, whether the plaintiff here, by giving the defendants notice to quit after his purchase at sheriff's sale, disaffirmed the lease: and we think it clear that he did. It was a decisive and unequivocal act, and was so considered in *The Farmers' and Mechanics' Bank* v. *Ege,* (9 *Watts* 436). The tie thus broken could not be knit together again by the defendants' remaining in possession, or any act short of a mutual contract between the parties for a new lease. The defendants' not surrendering the possession (if such were the case) could not have that effect, however it might operate as to the claim for use and occupation founded on possession. We think the lease was at an end by the notice, and that the purchaser could not afterwards sustain an action founded upon the contract, to recover rent. If the defendants are liable at all, it can only be for use and occupation, or on some other ground than the contract.

Judgment reversed, and a *venire facias de novo* awarded.