# Duffy *v.* Duffy, Appellant.

*Ejectment    Statute of limitations—Adverse possession—Recovery of judgment—Change of possession.*

The recovery of a judgment in ejectment, without surrender, an entry, or the issuing of a habere facias, does not toll the statute of limitations and interrupt adverse possession. Brolaskey v. McClain, 61 Pa. 146, explained.

*Evidence—Proof of execution of paper—Subscribing witness.*

Where the subscribing witness to a lease sufficiently identifies the person who signed the lease, and the property covered by it, although he contradicts himself to some extent in his cross-examination, the question whether or not the lease is sufficiently identified is for the jury.

*Evidence—Ejectment—Lease—Abstract of title.*

Where in ejectment a lease is offered to the plaintiff for the purpose of rebutting a claim which the defendant set up by virtue of an adverse possession of his grantor, and it appears that the lease is not a part of the plaintiff's title, the plaintiff was not bound to set out the lease in the original abstract of title.

Argued Jan. 20, 1902.   Appeal, No. 31, Jan. T. 1902, by defendant, from judgment of C. P. Lackawanna Co., May T., 1899, No. 40, on verdict for plaintiff in case of Mary V. Duffy v. Mary Duffy.   Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ.   Reversed.

Ejectment for land in the city of Carbondale.   Before Archbald, P. J.

At the trial the plaintiff offered in evidence exemplification of the record of the court of common pleas of Luzerne county, No. 1476, October term, 1875: The president, managers and company of the Delaware & Hudson Canal Company against Mary Duffy; præcipe filed June 22, 1875, for summons in ejectment; for lot of land situate in the city of Carbondale, county of Luzerne and state of Pennsylvania, bounded and described as follows, to wit: The said lot is distinguished as lot No. 21, on the western side of Shanty Hill upper road, on the property of the said plaintiff, described and designated in the survey of the same, accompanied by a map thereof, and containing 55,650 square feet more or less, and bounded north by land belonging to said plaintiff, now occupied by Thomas

Healey and others; east by the Shanty Hill upper road, and south and west by land belonging to said plaintiff now occupied by John Judge and others. Same day summons in ejectment for the land described in the præcipe, issued to the sheriff. Returnable the second Monday of September, 1875. Return, July 3, 1875, to the honorable, the judges within named: -I hereby certify that I served this writ June 29, 1875, on Mary Duffy, defendant, personally, by reading this writ to her and giving her a true copy attested, and made the contents known to her. Sworn and subscribed before me July 3, 1875. So answers W. P. Kirkendall, L. C. Bortree, deputy sheriff.

October 11, 1875, defendant pleads not guilty.

February 13, 1877, issue joined; jury called and sworn. Same day to say that they find for the plaintiff for the land described in the writ.

March 1, 1877, filed receipt of W. P. Kirkendall, sheriff, for $4.00 jury fee, and thereupon judgment.

Mr. Price: What is the purpose of this offer?

Mr. Newcomb: To rebut the defendant's claim of title by uninterrupted and adverse possession, this record being offered in connection with the lease last offered for that purpose. Also as persuasive evidence in favor of the plaintiff's title, the judgment in that case having been rendered in an action between the respective grantors of the parties here.

Mr. Price: This exemplification is objected to; no possession was taken under it, nor is there any offer to prove possession taken under it. A judgment in ejectment does not toll the statute or interrupt possession unless possession was taken under it, or an entry made by reason of the judgment.

The Court: It is distinctly ruled in Brolaskey v. McClain, 61 Pa. 146, that a recovery in an action of ejectment stops the running of the statute. The question is not discussed at large, but that is an express decision. I will overrule the objection and allow the evidence.

Exception noted for defendant, at whose request a bill is sealed. [1]

Plaintiff offered in evidence a paper purporting to be a lease between the president, managers and company of the Delaware and Hudson Canal Company and Widow Mark Duffy, dated April 1, 1858, for one year at the annual rental of $3.00.

Mr. Price: The paper is objected to, first, because it does not purport to be an agreement with Mary Duffy, who formerly held the title of the defendant to the lot in question; second, the paper is not properly executed on the part of the Delaware and Hudson Canal Company, a corporation; third, the witness does not properly attest a signature by mark: fourth, the recollection of the witness is not clear and specific as to the identity of the person and time and place of signature; fifth, there is no proof that Mary Duffy took possession or retained possession by reason of this lease or any other; sixth, there is no proof of the identity of the land in suit with the land described in the lease, or offer to prove the identity of it.

The Court: The objections are overruled.

Exception noted for defendant, at whose request a bill is sealed. [1]

The Court: "Q. The word 'Mark' on the back of the lease is also in your handwriting? A. It is."

Mr. Price: We desire to add a further objection to the lease. This case was tried once before and no such lease was put in evidence or produced; the plaintiff in this case was asked to file an abstract of title, and the abstract of title as filed contains no reference to a paper of this kind; we therefore object to it because we have had no notice and are not prepared to meet any title outside of the abstract.

The Court: I will overrule the additional objection.

Exception noted for defendant, at whose request a bill is sealed. [3]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1, 3) rulings on evidence, quoting the bill of exceptions.

*S. B. Price,* with him *Geo. S. Horn* and *T. P. Duffy,* for appellant.— The fact that another action in ejectment may be brought by the plaintiff, notwithstanding a judgment in his favor, is proof that the possession is not changed by judgment in ejectment only: Rambler v. Tryon, 7 S. & R. 90; Ross v. Pleasants, 19 Pa. 157; Caldwell v. Walters, 22 Pa. 380.

Judge GIBSON said, in the case of Powell v. Smith, 2 Watts, 126, "But nothing is clearer than that such a recovery (in eject-

ment) is not equivalent to an entry, even to bar the statute of limitations, and, therefore, not equivalent to actual possession : " Powell v. Smith, 2 Watts, 126 ; Workman v. Guthrie, 29 Pa. 495 ; Weaver v. Wible, 72 Pa. 469.

The authorities of other states sustain the proposition for which we contend : Smith v. Hornback, 4 Litt. (Ky.) 232 ; Jackson v. Haviland, 13 Johnson (N. Y.), 229 ; Forbes v. Caldwell, 39 Kan. 14 ; 17 Pac. Repr. 478 ; Smith v. Trabue, 1 McLean (U. S. Cir. Ct.), 87 ; Bright v. Stevens, 1 Houst. (Del.) 240 ; Carpenter v. Natoma Water & Mining Co., 63 Cal. 616 ; Gould v. Carr, 33 Fla. 523 ; 15 So. Repr. 259 ; Mabary v. Dollarhide, 98 Mo. 198 ; 11 S. W. Repr. 611.

A party cannot offer evidence of title not contained in an abstract filed under the rules of court: Scott v. Ames, 4 Penny. 475 ; Bartley v. Phillips, 165 Pa. 325.

*E. N. Willard*, with him *E. C. Newcomb* and *John F. Reynolds*, for appellee, cited : Brolaskey v. McClain, 61 Pa. 146 ; Workman v. Curran, 89 Pa. 226.

OPINION BY BEAVER, J., April 21, 1902 :

The principal question involved in this appeal, as stated by the appellant and accepted by the appellee, is " does the recovery of a judgment in ejectment, without surrender, an entry or the issuing of a habere facias, toll the statute of limitations and interrupt adverse possession ? " The general rule upon this subject, as stated in 1 Cyc. of Law & Proc. 1019, is that " the mere recovery of a judgment will not of itself stop the running of the statute of limitations ; there must be an actual change of possession by virtue of such judgment." This rule seems to be founded in reason and for it there is abundant authority, the decisions relating thereto being collected in the notes to the statement of the rule above quoted. Among the authorities cited as contra is the one upon which the court below and the appellee here rely as determining the question : Brolaskey v. McClain, 61 Pa. 146.

Where there is such an apparent contravention of the general rule and a seeming contradiction of many of the Pennsylvania authorities, it behooves us to make a careful examination of the case upon which such a contention is based. It is true

that in Brolaskey v. McClain, supra, Mr. Justice WILLIAMS says : " If Wester and his heirs had the continued and adverse possession of the lot during all this time, it would be sufficient to give them a title under the statute ; but, as we have already seen, Richard Peters brought an a.tion of ejectment against Henry Wester in 1818 and recovered a verdict and judgment therein in 1825. This recovery stopped the running of the statute and, even if the Westers held adverse possession of the lot thereafter until the house was torn down in 1838, they acquired no title, under the statute of limitations." If there were nothing else in this case and it stood alone in Pennsylvania, it would, of course, be conclusive upon us as to that question, but it was said with reference to all the facts of the case, which included the issuing of a hab. fa. pos. and a return by the sheriff, " levied and sheriff received costs in a judgment in ejectment involving the same premises although against a different defendant." It is, therefore, to be presumed that the sheriff did his duty and delivered the possession, as required by his writ, to the plaintiff in the ejectment and, if so, the case itself, whatever the language of the opinion judge may be, cannot be relied upon as authority for the contention of the appellee. With this single exception, the authorities in Pennsylvania seems to be in entire harmony with the general rule.

In Pederick v. Searle, 5 S. & R. 236, the case of Jackson v. Haviland, 13 Johns. 229, is cited with approval, in which it was held : A having obtained judgment by default in an ejectment against B, but did not take possession, and having suffered the term laid in the declaration to expire and the possession of the defendant being continued without interruption, so that the whole time, including that which elapsed after the judgment, amounted to twenty years, B might defend himself under the statute of limitations against a second ejectment, although A's right of entry was established by the judgment, and he might lawfully have entered without a writ of possession.

That a judgment in ejectment does not change the relation between the plaintiff and defendant, so far as the possession is concerned, is further shown by Rambler v. Tryon, 7 S. & R. 90, and Ross v. Pleasants, 19 Pa. 157, in which it was held that a plaintiff, in whose favor a verdict in ejectment has been

rendered, may maintain a second ejectment for the same land, without taking possession or issuing process for that purpose under his first ejectment. If a mere judgment in ejectment gave him the possession of the land in dispute, he could not, of course, maintain a second ejectment for the foundation of the action is the actual possession by the defendant.

In Powell v. Smith, 2 Watts, 126, which was replevin for a chattel which became such by a severance from the freehold, it was held that replevin would not lie, on the ground, as stated by Chief Justice GIBSON, that " the property laid in the declaration was taken by the defendant, while he was yet in actual possession, though after a recovery of the mill of which it was essentially a part; and the only thing like a question in the cause is whether the naked recovery, which preceded the asportation, distinguishes the case from those cited ; but nothing is clearer than that such a recovery is not equivalent to an entry, even to bar the statute of limitations, and, therefore, not equivalent to actual possession."

In Caldwell v. Walters, 22 Pa. 378, which was an action of trespass for mesne profits, Mr. Chief Justice BLACK, in delivering the opinion, says : "Does a judgment in ejectment put an end to the disseisin ? Certainly not. It may settle the title in favor of the plaintiff but the all-important fact of an adverse possession remains just as it was before."

It is said that these cases all precede Brolaskey v. McClain, and that we are, therefore, bound by the latter. This would be true, if there were no facts in it to distinguish it from the cases in which the emphatic language above quoted is used, and, if there was nothing following it in harmony with the earlier cases.

In Craft v. Yeaney, 66 Pa. 210, which was an action of trespass brought by a plaintiff who had recovered in ejectment but who had not secured possession through a writ of hab. fa. pos., Mr. Chief Justice THOMPSON said : " The plaintiffs in error now claim that this action of trespass cannot be maintained, because no habere facias possessionem ever issued to give them legal seisin of what they admitted themselves dispossessed in bringing their ejectment, and which the ejectment also admitted the defendants to be in possession of. The testimony is uncontradicted that actual possession of this land was ever in any-

body, taking the line of subdivision No. 7 as excluding it, which the jury have found, consequently an habere facias would have been idle. There was nobody to turn out and nobody to hinder the plaintiffs from going in. This being so, the constructive possession incident to title still existed, there being no actual possession to challenge it; so that the plaintiffs' title being unchallenged in this respect drew the constructive possession of the land to it and the right to sue was not affected by this technical claim of possession, contradicted as it was by the fact as shown by all the testimony on the point." The case of Caldwell v. Walters, 22 Pa. 378, was cited, and the difference between the two cases pointed out, and it was said: " There an actual possession existed and it was held that an action for mesne profits would not lie, because possession had not been delivered to the plaintiffs in ejectment." This was a distinct acknowledgment of the doctrine in that case and is subsequent to Brolaskey v. McClain.

There is also the later case of Bennett v. Morrison, 120 Pa. 390, in which Mr. Justice PAXSON says: " The judgment was by default. The ejectment was to enforce the article of agreement, and, therefore, in affirmance of it. No subsequent proceedings were ever had upon this judgment. No habere was issued, nor was possession delivered to the plaintiff. Such a recovery is not equivalent to an entry, even to bar the statute of limitations, and, therefore, not equivalent to actual possession : Powell v. Smith, 2 Watts, 126 ; Workman v. Guthrie, 29 Pa. 495." This is a distinct acknowledgment of the general doctrine, as herein laid down, and, if it were not for the essentially different facts in Brolaskey v. McClain, would be in direct conflict with it. In view of the general current of authority, which seems to us to be consonant to reason, we, therefore, sustain the second and third assignments of error and also the first, so far as the offer was received for the purpose of rebutting the defendant's claim of title by uninterrupted and adverse possession. We think the offer was good, so far as it was to be used " as persuasive evidence in favor of the plaintiff's title."

2. Whether or not the lease offered by the plaintiff with the grantor of the defendant was sufficiently identified was, under all the circumstances, for the jury. The subscribing witness

contradicts himself to some extent in his cross-examination, but we think that his testimony sufficiently identified the person who signed the lease and the property covered by it, and that the court could not say, as a matter of law, that the execution of the lease was not proved.

3. The lease was not part of the plaintiff's title. It was offered for the purpose of rebutting the claim which the defendant set up by virtue of the adverse possession of her grantor. It does not seem to us that it was the duty of the plaintiff to anticipate the defendant's defense. She could not determine in advance whether it would be necessary to use the lease or not, and was, therefore, not bound to set it out in her original abstract of title. The fourth, fifth and sixth assignments of error are overruled. Judgment reversed and a new venire awarded.